IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IVORY JONES
ADC #102329                                                                                              PLAINTIFF

V.                                          5:07CV00227 WRW/HDY

LARRY NORRIS *et al.*                                                                              DEFENDANTS

## ORDER

Plaintiff, an inmate at the Tucker Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2) pursuant to 42 U.S.C. § 1983, on September 5, 2007.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  In conducting its review,  the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334,

1

1337 (8th Cir. 1985).

## II.  Plaintiff's complaint

According to Plaintiff's complaint, he "made parole" on January 30, 2007, but his release was denied because he was convicted in 1993 for a sex charge. Although he has complained to the governor and attorney general, they have not taken any action. Plaintiff asserts that his appeals to the ADC director were met with retaliation in the form of his transfer eligibility date being changed from May 7, 2007, to August 8, 2023. Plaintiff seeks his immediate release, damages for the alleged "illegal holding," and compensation for lost wages.

## III.  Analysis

By asserting a claim that directly attacks the validity of his conviction or hold, Plaintiff is challenging the lawfulness of his continued confinement. In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Court analyzed the important distinction between a *habeas* action and a § 1983 claim. In a *habeas* action, a petitioner is challenging the lawfulness of his incarceration. *Id.* at 484. In contrast, in a § 1983 action, a prisoner is challenging some aspect of the conditions of his confinement. *Id* at 499. Importantly, the label a prisoner gives to his suit is not controlling. *Id.* at 489-90. Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. Thus, as a matter of law, Plaintiff's claim for release fails to state a claim for relief under 42 U.S.C. § 1983.

Additionally, Plaintiff's claim for damages should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). In *Heck,* the Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is

reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. In this particular case, Plaintiff is asking the Court to order his immediate release as well as to award him damages and lost wages based on his continued incarceration. There is no indication that Plaintiff's sentence has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. If the Court were to find in Plaintiff's favor, it would certainly imply the invalidity of his continued imprisonment. Thus, Plaintiff's complaint falls within *Heck, supra*, and must be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint (docket entry #2) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. All pending motions are DENIED AS MOOT.

DATED this 15th day of October, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE